# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK FAREWELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00462 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **OFFICER PEDRO H.M., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Mark Farewell, Pro Se Plaintiff.*

Plaintiff Mark Farewell, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. Farewell alleges that certain actions by the defendant police officer violated his Fourth Amendment right to be free from unreasonable seizure and that the officer and the defendant magistrate caused him to be wrongfully convicted. Upon review of the allegations, I find that the lawsuit must be summarily dismissed without prejudice for failure to state any actionable claim.

Farewell provides few specific details about the events from which his claims arise. First, he alleges that on September 2, 2011, the defendant police officer stopped him without "a reasonable and articulable suspicion of criminal activity," which constituted an unreasonable seizure. (Compl. 2.) Second, Farewell alleges that the officer and the magistrate "lacked the essential elements sufficient

to establish any material fact that constituted an assault and battery" under Va. Code. Ann. § 18.2-57. (*Id.*) He asserts that no evidence in the record shows that he "made an objectively offensive or forcible contact with the officer's person," that he "inten[ded] to do bodily harm to the officer," or that he "had the present ability" to use violence. (*Id.*) Third, Farewell alleges that the officer used perjured testimony and "committed fraud on the court [by] using photographs of a different police vehicle . . . to actively conceal the fact [that] the assault was not possible," in conspiracy with the Commonwealth. (*Id.* at 2-3.)

Records available online for the Charlottesville Circuit Court indicate that Farewell was charged with assaulting a police officer, pleaded not guilty, was convicted by a jury, and sentenced to three years and nine months in prison. In this § 1983 action, Farewell seeks to recover monetary damages for the defendants' alleged violations of his constitutional rights.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against

any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States.")

Farewell complains that the challenged actions of the defendant officer and magistrate caused him to be wrongfully charged with and found guilty of a criminal offense, which resulted in the term of imprisonment he is now serving. Claims of this nature, challenging the validity of the plaintiff's confinement, are not actionable under § 1983 unless the judgment imposing the term of confinement has been overturned or set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).

If Farewell could prove that the defendants' actions caused him to be wrongfully charged, prosecuted, and found guilty, such findings would necessarily imply that the state court's judgment was in error. Because Farewell offers no evidence that the judgment under which he stands convicted and sentenced has

been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed to the procurement of that judgment has not yet accrued.[1]  *Id.*  Therefore, Farewell's §1983 claims against the defendants regarding his confinement are not yet actionable under § 1983.  I will dismiss these claims without prejudice under § 1915A(b)(1).

      A separate Final Order will be entered herewith.

                                  DATED:   October 31, 2014

                                  /s/  James P. Jones
                                  United States District Judge

---

[1] To the extent that Farewell seeks monetary damages against the officer who stopped him for a violation of his Fourth Amendment rights independent of his conviction, his claim must be dismissed as time barred.  A § 1983 claim based on events that occurred in Virginia must be brought within two years from the time when the action accrues or it is barred by Va. Code Ann. § 8.01-243(a),  Virginia's statute for personal injury claims.  *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989).  A claim under § 1983 accrues when plaintiff knows enough about the harm done to him to bring his lawsuit. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).  It is clear from the face of Farewell's complaint that he knew in September 2011 of any harm that the defendant's actions caused him.  Yet, he did not file this action until August 2014, almost three years later.  Thus, any § 1983 claim he may have had related to the traffic stop and independent of his conviction is barred under § 8.01-2439a), and must be summarily dismissed under § 1915A(b)(1).